J-S10032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DERRICK KINT | |
| Appellant | No. 1784 EDA 2014 |

Appeal from the PCRA Order May 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002140-2008

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 31, 2015**

Appellant, Derrick Kint, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On August 8, 2007, Officers John Sykes and George Orth observed Appellant driving southbound in a high-crime area on 13th Street, in a white Buick Regal with dark-tinted rear and side windows.  The officers suspected the level of window tint was a violation of the Motor Vehicle Code.  Officer Sykes activated his lights and sirens to pull over Appellant.  It was daytime and

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

sunny. After Appellant pulled over and the officers pulled up behind him, Officer Sykes could see Appellant's silhouette. Officer Sykes noticed Appellant's shoulders moving up and down in a manner indicative of secreting a weapon. Officer Sykes exited the patrol car and approached Appellant's vehicle on foot. As Officer Sykes approached the vehicle, he observed Appellant continue to move his shoulders in a furtive shrugging motion as he leaned toward the center of the car. Officer Sykes removed Appellant from the vehicle and searched the area of the vehicle interior where Appellant's movements had occurred. Officer Sykes peered into an opening in the gearshift cover and observed a gun. The officers also recovered several individually packaged quantities of marijuana and crack cocaine from the cavity beneath the gearshift cover.

The Commonwealth charged Appellant with multiple drug and firearms offenses. Appellant filed a motion to suppress, which the court denied on April 1, 2009. A jury subsequently convicted Appellant of possession with intent to deliver ("PWID"), firearms not to be carried without a license, and false identification to law enforcement authorities ("false ID"). On June 3, 2009, the court sentenced Appellant to the mandatory minimum term of five (5) to ten (10) years' incarceration for the PWID conviction per 42 Pa.C.S.A. § 9712.1, followed by a consecutive term of seven (7) years' probation for the firearms conviction. The court also imposed a concurrent term of one (1) year of probation for the false ID conviction. This Court affirmed

J-S10032-15

Appellant's judgment of sentence on January 31, 2011, and our Supreme Court denied allowance of appeal on August 10, 2011. ***See Commonwealth v. Kint***, 23 A.3d 1095 (Pa.Super. 2011) (unpublished memorandum), *appeal denied*, 611 Pa. 661, 26 A.3d 1101 (2011). Appellant did not seek further review.[2]

_____

[2] We are mindful of the United States Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. Recently, in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super 2014) (*en banc*), this Court addressed the constitutionality of Section 9712.1, in light of the United States Supreme Court's decision in ***Alleyne, supra***. Relying on ***Alleyne***, ***Newman*** held that Section 9712.1 can no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." ***Newman, supra*** at 98. Thus, this Court vacated Newman's PWID sentence and remanded for resentencing without imposition of the mandatory minimum under Section 9712.1. This Court also made clear that ***Alleyne*** is subject to limited retroactivity; in other words, ***Alleyne*** is applicable to all criminal cases still pending on direct review. ***Id.*** at 90. ***Alleyne*** does not apply retroactively, however, to cases where the judgment of sentence has become final. ***Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super 2014). Here, the court imposed the mandatory minimum sentence per Section 9712.1 for Appellant's PWID conviction. Appellant's judgment of sentence became final on November 8, 2011, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. ***Alleyne*** was decided on June 17, 2013. Thus, Appellant's judgment of sentence became final over a year before ***Alleyne*** was decided. Accordingly, Appellant is not entitled to retroactive application of ***Alleyne***. ***See Miller, supra***. For this reason, we see no issue implicating the legality of Appellant's mandatory minimum sentence for the PWID conviction.

- 3 -

Appellant timely filed a *pro se* PCRA petition on December 16, 2011. The court appointed counsel, who filed an amended petition on September 28, 2013. On April 25, 2014, the court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. The court dismissed Appellant's petition on May 28, 2014. Appellant filed a timely notice of appeal on June 20, 2014. The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises a single issue for our review:

> DID THE [TRIAL] COURT ERR IN FAILING TO GRANT PCRA RELIEF AS COUNSEL ON DIRECT APPEAL FAILED TO RAISE THE ISSUE THAT THE [TRIAL] COURT SHOULD HAVE SUPPRESSED EVIDENCE DERIVED FROM A STOP OF A VEHICLE?

(Appellant's Brief at 8).

Appellant argues Officer Sykes contradicted himself at the suppression hearing when he testified (1) Appellant's unlawful window tint was the basis for the vehicle stop, and (2) he could see Appellant's movements through the tinted windows. Appellant contends the window tint could not have violated the Motor Vehicle Code if Officer Sykes was able to observe Appellant's movements inside the vehicle. Appellant asserts the officer simply "wanted to have it both ways"—probable cause to stop the vehicle, and reasonable suspicion to conduct a warrantless search of the vehicle's interior. (Appellant's Brief at 15). Appellant claims the vehicle stop was

unlawful. Appellant concludes prior counsel's failure to raise this issue on direct appeal constituted ineffective assistance. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We owe no deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. Pa.R.Crim.P. 907(1); *Commonwealth v. Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa.Super. 2007), *appeal denied*, 594 Pa. 685, 934 A.2d 72

(2007).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (quoting ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004)).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*]*,* we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

Section 6308 of the Motor Vehicle Code states in relevant part as follows:

> **§ 6308.  Investigation by police officers**
>
> \* \* \*
>
> **(b)    Authority of police officer.–**Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has **reasonable suspicion** that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b) (emphasis added).

> Traffic stops based on a reasonable suspicion[,] either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b)[,] must serve a stated investigatory purpose. In effect, the language of

Section 6308(b)–"to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title"–is conceptually equivalent with the underlying purpose of a **Terry**[3] stop. Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation.

**Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa.Super. 2010) (*en banc*), *appeal denied*, 611 Pa. 650, 25 A.3d 327 (2011) (internal citations omitted).

[T]o determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. In making this determination, we must give due weight...to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of his experience. Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer.

**Commonwealth v. Fulton**, 921 A.2d 1239, 1243 (Pa.Super. 2007), *appeal denied*, 594 Pa. 686, 934 A.2d 72 (2007) (quoting **Commonwealth v. Hughes**, 908 A.2d 924, 927 (Pa.Super. 2006)) (internal citations and quotation marks omitted). "While an actual violation need not be established, a reasonable basis for the officer's belief is required to validate the stop." **Commonwealth v. Postie**, ___ A.3d ___, 2015 PA Super 34 (filed February 17, 2015) (quoting **Commonwealth v. Muhammed**, 992 A.2d 897, 901 (Pa.Super. 2010)). If an objective view of the facts indicates

___

[3] **Terry v. Ohio**, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

an officer had specific, articulable facts that a traffic violation occurred, the law deems the stop reasonable. ***Commonwealth v. Chase***, 599 Pa. 80, 92, 960 A.2d 108, 114 (2008).

Section 4524 of the Motor Vehicle Code provides in relevant part:

### § 4524. Windshield obstructions and wipers

\* \* \*

### (e) Sun screening and other materials prohibited.—

(1) No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.

75 Pa.C.S.A. § 4524(e)(1).

Instantly, the Commonwealth presented the following evidence at Appellant's suppression hearing: Officer Sykes and his partner saw Appellant driving a vehicle with dark tinted windows, which the officers suspected was in violation of the Motor Vehicle Code; after Appellant pulled over and the officers stopped behind him, Officer Sykes was able to make out Appellant's silhouette inside the vehicle; Appellant's movements suggested he was hiding contraband; as Officer Sykes approached the vehicle on foot, he observed Appellant continue to make furtive movements indicative of secreting a weapon. The officers' initial observation of Appellant's dark tinted windows gave them reasonable suspicion to believe Appellant was in violation of 75 Pa.C.S.A. § 4524(e)(1). Therefore, the officers' traffic stop of

Appellant to investigate further the window tint was supported by reasonable suspicion. **See** 75 Pa.C.S.A. § 6308(b); **Feczko, supra**. The officers were not required to establish with certainty that Appellant was in violation of Section 4524(e)(1) in order to stop him. **See Postie, supra**. When Appellant stopped his car and the officers pulled up behind him, however, Officer Sykes noticed Appellant's furtive movements inside the vehicle, which provided additional reasonable suspicion for Appellant's continued detention.[4] **See Fulton, supra**. Therefore, Appellant's claim, that direct appeal counsel was ineffective for failing to argue the traffic stop lacked reasonable suspicion, is without arguable merit. **See Williams, supra**; **Kimball, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/2015

_____

[4] Additionally, with respect to the window tint, the stop occurred in the middle of a sunny day; Officer Sykes was able to make out Appellant's silhouette; and Officer Sykes testified: "There's no tinting that I know of during daylight that would prohibit you from seeing in it in daylight hours." (N.T. Suppression Hearing, 4/1/09, at 22).