J-S64022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE ANTONIO SANTIAGO | |
| Appellant | No. 1022 MDA 2015 |

Appeal from the Order of June 1, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0004870-2010

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and FITZGERALD, J.<sup>*</sup>

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 20, 2015**

Jose Antonio Santiago appeals the June 1, 2015 order that denied him relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

On March 18, 2011, Santiago pleaded guilty to eight separate counts arising from two sales of marijuana to an undercover officer of the Reading Police Department.  After the two sales, the police obtained and executed a search warrant for the address at which these transactions had taken place, where they recovered 267.6 grams of marijuana and a stolen nine-millimeter handgun, which was loaded at the time.  After reviewing a pre-sentence investigation report with Santiago, the court sentenced Santiago

_____

<sup>*</sup>     Former Justice specially assigned to the Superior Court.

consistently with the negotiated plea agreement. In sum, the court sentenced Santiago to numerous concurrent sentences of incarceration, the longest of which was a mandatory minimum sentence of five years' incarceration for possession with intent to deliver a controlled substance, marijuana, 267.6 grams (0.59 lb.). **See** 35 P.S. § 780-113(a)(30). **See** PCRA Court Opinion, 3/13/2015, at 1-4. The mandatory minimum sentence applied under 42 Pa.C.S. § 9712.1(a), which prescribed a five-year mandatory minimum sentence for an offender under subsection 780-113(a)(30) who, at the time of the offense, was in physical possession or control of a firearm. This Court since has held that section 9712.1 is unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013). **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014). Santiago did not file a post-sentence motion or a direct appeal of his judgment of sentence. **Id.** at 4.

On October 14, 2014, Santiago filed a *pro se* first petition pursuant to the PCRA. The PCRA court appointed counsel, and, on December 11, 2014, appointed counsel filed a no-merit letter and petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On March 13, 2015, the PCRA court filed a notice of intent to dismiss Santiago's petition without a hearing pursuant to Pa.R.Crim.P. 907. On March 17, 2015, the court entered an order permitting appointed counsel to withdraw. On June

1, 2015, having received no additional filings from Santiago, the PCRA court entered an order dismissing Santiago's PCRA petition.

On June 15, 2015, Santiago simultaneously filed a notice of appeal and an unsolicited concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 17, 2015, the PCRA court entered an order appointing new counsel and an order directing Santiago to file a Rule 1925(b) statement. No further Rule 1925(b) statement was filed, and, on July 6, 2015, the PCRA court issued a memorandum opinion pursuant to Pa.R.A.P. 1925(a), which directed this Court's attention to the analysis provided in its March 13, 2015 Rule 907 notice.

Before this Court, Santiago raises only one issue:

Is Santiago's sentence a nullity in light of this Court's ruling in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014), in which the mandatory sentencing statutes have been found to be facially unconstitutional?

Brief for Santiago at 7 (modified for clarity).

Our standard of review for a PCRA court's order denying relief permits us to determine only whether the record supports the PCRA court's determination and whether the PCRA court's ruling is free from legal error. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). However, before we may address the merits of any of Santiago's arguments, we first must determine whether we have jurisdiction to do so.

It is well-established that the PCRA time limits are jurisdictional, and are meant to be both mandatory and applied literally by the courts to all

PCRA petitions, regardless of the potential merit of the claims asserted. *Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000); *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Murray*, 753 A.2d at 203; *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Despite facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves one of the three exceptions to the one-year time limit enumerated in subsections 9545(b)(1)(i)-(iii) of the PCRA, which provide as follows:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2)   Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

Because Santiago did not file a direct appeal of his March 18, 2011 judgment of sentence, that judgment of sentence became final on April 17, 2011.  **See** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review.").  Thus, Santiago had until April 17, 2012, to file a timely PCRA petition.  **See** 42 Pa.C.S. § 9545(b)(1).  Because he filed the instant petition on October 14, 2014, Santiago's petition was facially untimely.  Accordingly, the PCRA court and this Court have jurisdiction to review his petition only if he has pleaded and proved that at least one of the exceptions to the one-year time bar set forth in subsection 9545(b)(1) applies in this case.

Santiago invokes the subsection 9545(b)(1)(iii) exception, which applies when the constitutional right asserted in the petition is one "that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."  Notably, this exception only applies if the petition was filed "within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).  The PCRA court found that Santiago's **Alleyne** claim was time-barred because Santiago did not file his petition raising that issue until greater than sixty days after that decision issued.

- 5 -

The PCRA court's determination that Santiago's petition was untimely filed and subject to no timeliness exception is compelled by this Court's decision in **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), wherein we held as follows:

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. **Commonwealth v. Phillips**, 31 A.3d 317, 320 (Pa. Super. 2011) (citing **Tyler v. Cain**, 533 U.S. 656, 663 (2001)); **see Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition"). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

We are aware that an issue pertaining to **Alleyne** goes to the legality of the sentence. **See Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (stating, "a challenge to a sentence premised upon **Alleyne** likewise implicates the legality of the sentence and cannot be waived on appeal"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*" **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. **See Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of

- 6 -

> sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Seskey***, 86 A.3d 237, 242 (Pa. Super. 2014). As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven.

***Id.*** at 995-96 (footnote omitted; citations modified).

Santiago tries to argue around the consequences of the ***Miller*** decision by arguing that the dispositive question of retroactivity is moot in this case. However, in support of this argument Santiago offers only a blanket assertion that, ***Miller*** notwithstanding, this Court "has never been faced with the question of a sentence nullity in light of the ***Newman*** decision," which held that section 9712.1 sentences were unconstitutional. Brief for Santiago at 12. In support of this claim, he relies upon an unpublished, and thus non-precedential decision of this Court. Moreover, he quickly returns to retroactivity, asserting that "[t]he question of retroactivity has also been answered, as an unconstitutional statute is ineffective for any purpose, because [its] unconstitutionality dates from the time of [its] enactment, not merely from the date of the decision holding it so." ***Id.*** Thus, he asserts that he "is not subject to any timeliness constraints, nor is any retroactivity analysis necessary." ***Id.***

The only precedential case Santiago cites in support of this line of argument is ***Commonwealth v. Muhammed***, 992 A.2d 897 (Pa. Super. 2010). In that case, we addressed the invalidation of a sentencing statute during the pendency of a direct appeal of a sentence

imposed under that statute—*i.e.*, before the judgment of sentence became final—not on direct review, before the judgment of sentence became final. In *Commonwealth v. Riggle*, 119 A.3d 1058, _____ (Pa. Super. 2015), we took up that very distinction in the context of *Alleyne* challenges:

> In *Newman*, 99 A.3d 86 (Pa. Super. 2014) (relying upon *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*)), we noted that *Alleyne* will be applied to cases **pending on direct appeal** when *Alleyne* was issued. Appellant seeks to apply *Newman*'s ruling in this PCRA context and to afford *Alleyne* full retroactive effect based upon *Watley* and *Newman*, both of which were direct appeals.
>
> Importantly, in *Watley*, this Court distinguished between applying *Alleyne* on direct appeal and on collateral review. We noted that a case may be retroactive on direct appeal, but not during collateral proceedings. *Watley*, 81 A.3d at 117 n.5. Thus, while this Court has held that *Alleyne* applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014).

*Riggle*, 119 A.3d at _____ (emphasis added; citations modified). Notably, nothing related in this passage suggests that the jurisdictional time limits of the PCRA are somehow immaterial. Furthermore, in *Newman*, we treated the challenge to a section 9712.1 sentence as triggered by the *Alleyne* decision, rendering *Alleyne*'s date of issuance the relevant date for calculating PCRA subsection 9545(b)(2)'s sixty-day limitation.

Under this analysis, it is clear that Santiago's petition under the PCRA was facially untimely, and disqualified from the new-constitutional-rule exception to the timeliness requirements because it was not filed within sixty days of *Alleyne*'s issuance. None of the arguments he presents are based

upon authority that contradicts these well-established principles. Accordingly, the PCRA court did not err in determining that Santiago's petition failed to qualify for the subsection 9545(b)(1)(iii) timeliness exception because he failed to file it within sixty days of *Alleyne*'s issuance, as required by subsection 9545(b)(2).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2015