J-S38028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES H. HERB, III | |
| Appellant | No. 1569 MDA 2014 |

Appeal from the PCRA Order entered September 11, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0003100-2011

BEFORE: WECHT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:               **FILED DECEMBER 21, 2015**

Appellant, James H. Herb, III, appeals from the September 11, 2014 order entered in the Court of Common Pleas of Luzerne County, denying his amended petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Following review, we affirm.[1]

Appellant appeared before the Honorable Fred A. Pierantoni, III, on July 30, 2012 and entered into a plea for failure to comply with Megan's Law

---

[1] The record reflects that on October 7, 2014, a motions panel of this Court issued a Rule to Show Cause why this appeal should not be dismissed pursuant to Pa.R.A.P. 301(a)(1), which provides that no order is appealable until it has been entered upon the trial court docket. By subsequent order entered December 17, 2014, the motions panel acknowledged receipt of Appellant's response to the rule; discharged the show cause rule; and noted the issue would be referred to the merits panel. Our review of the trial court docket confirms the entry of the September 11, 2014 order as required by Rule 301(a)(1). Therefore, the appeal is properly before us.

III, which included the sexual offender registration requirements in effect at the time. On September 11, 2012, Judge Pierantoni sentenced Appellant to a minimum of 36 months and maximum of 72 months in a state correctional institution. Appellant did not file a direct appeal from his judgment of sentence.

On December 16, 2013, our Supreme Court ruled that Megan's Law III was unconstitutional because Act 152 of 2004 (Act 152), which included the provisions of Megan's Law III, violated the Single Subject Rule of Article III, Section 3, of the Pennsylvania Constitution. *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013). The Court directed that its decision be stayed for 90 days to afford the Legislature an opportunity "to consider appropriate remedial measures, or to allow for a smooth transition period." *Id.* at 616 (citation omitted).[2] Therefore, the decision was effective on March 15, 2014.

_____

[2] The Court explained:

> [A]s we have observed previously in striking down other legislation which violated Article III, Section 3, nothing precludes the General Assembly from enacting similar provisions in a manner consistent with the Constitution. However, since we find merit in the General Assembly's suggestion that our decision abrogating the entirety of Act 152 will have a significant impact on a wide variety of individuals and entities which have ordered their affairs in reliance on its provisions, we will stay our decision, as we have done under similar circumstances, in order to provide a reasonable amount of time for the General

*(Footnote Continued Next Page)*

Fifty-eight days later, on May 12, 2014, the Luzerne County Public Defender's Officer filed a PCRA petition on Appellant's behalf. The office filed an amended petition on July 18, 2014 that included Appellant's requisite verification and consent. A hearing on the petition was held on September 11, 2014. At the conclusion of the hearing, Judge Pierantoni, who was also the PCRA court judge, denied Appellant's petition. This timely appeal followed in which Appellant presents one issue for our consideration:

> Whether the [PCRA] court erred in denying [Appellant's] Petition for Post-Conviction Relief where [Appellant] is currently serving an illegal sentence and is incarcerated in violation of the due process clauses of both the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania?

Appellant's Brief at 2.

In essence, Appellant argues that the Megan's Law III provisions under which he was sentenced are void *ab initio*, rendering his sentence unconstitutional because the offense for which he was sentenced never existed. Appellant does not dispute that he entered a guilty plea to a violation of the reporting requirements of Megan's Law III in effect when he entered his plea and was sentenced. Simply stated, he is attempting to play a "Get Out of Jail Free" card by claiming **Neiman** should be applied retroactively.

*(Footnote Continued)* ──────────────

> Assembly to consider appropriate remedial measures, or to allow for a smooth transition period.

*Id.* at 616 (citations, quotations and ellipses omitted).

Appellant looks to this Court's ruling in **Commonwealth v. Michuck**, 686 A.2d 403 (Pa. Super. 1996), in which we vacated a conviction under the Vehicle Code because, while the appeal was pending, our Supreme Court struck down a subsection of the Code under which Michuck was convicted.[3] We recognized that "[a] court does not have power to enforce a law which is no longer valid." **Id.** at 407. Similarly, Appellant relies on **Commonwealth v. Muhammed**, 992 A.2d 897 (Pa. Super. 2010), in which we affirmed Muhammed's conviction for unauthorized transfer of sounds on recording devices but *sua sponte* reversed his conviction for trademark counterfeiting because our Supreme Court declared the trademark counterfeiting statute unconstitutional.[4] "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Id.** at 903 (quoting **Commonwealth v. Stevenson**, 850 A.2d 1268, 1271 (Pa. Super. 2004) (*en banc*)).

Appellant's reliance on **Michuck** and **Muhammed** is misplaced. Unlike the case before us, which is a collateral proceeding under the PCRA,

---

[3] Michuck had been convicted under 75 Pa.C.S.A. § 3731(a)(5), which imposed criminal penalties on individuals with a certain blood alcohol content within three hours of driving, a provision our Supreme Court determined to violate both state and federal due process guarantees in **Commonwealth v. Barud**, 681 A.2d 162 (1996). **See Michuck**, 686 A.2d at 407.

[4] In **Commonwealth v. Omar**, 981 A.2d 179 (Pa. 2009), our Supreme Court struck down the criminal statute of trademark counterfeiting (18 Pa.C.S.A. § 4119) as unconstitutionally overbroad. **See Muhammed**, 992 A.2d at 903.

both *Michuck* and *Muhammed* were pending on direct appeal when the relevant statutes were declared unconstitutional.

As noted above, Appellant did not file a direct appeal from his September 11, 2012 judgment of sentence. Therefore, his judgment became final 30 days later, on October 11, 2012. He filed his first PCRA petition on May 12, 2014.

It has been clearly established that the PCRA's time limitations are jurisdictional. *See, e.g., Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). With that in mind, we find this Court's pronouncement in a recent PCRA case, *Commonwealth v. Callahan*, 101 A.3d 118 (Pa. Super. 2014), instructive. In *Callahan*, this Court began its review by stating:

> "As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed. Even where neither party nor the PCRA court have addressed the matter, it is well-settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court." *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012), *appeal denied,* 616 Pa. 651, 49 A.3d 442 (2012) (internal quotation marks and citation omitted). Thus, we shall forego assessment of the merits of the claim set forth in Appellant's brief and, instead, concentrate our attention on whether Appellant timely filed his PCRA petition and, if not, whether he has raised a viable statutory exception to the PCRA's timeliness requirement. As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

*Id.* at 121.

42 PaC.S.A. § 9545(b) provides, in relevant part:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Appellant did not file a petition within one year of the time his judgment became final. However, the petition *was* filed within 60 days of the effective date of the Supreme Court's decision in **Neiman**, satisfying the requirement of § 9545(b)(2). Nevertheless, Appellant may not claim an exception under § 9545(b)(1)(iii) unless he can prove a "constitutional right" recognized in **Neiman** "has been held by [our Supreme Court] to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).[5]

In **Commonwealth v. Abdul-Salaam**, 812 A.2d 497 (Pa. 2002), our Supreme Court considered whether a determination of retroactivity must have already been made before a petitioner files a PCRA claiming a

---

[5] We note that **Neiman** involved a direct appeal, not a collateral attack under the PCRA.

"constitutional right" exception under § 9545(b)(1)(iii). The Court explained:

> In construing subsection (iii), as with any question of statutory construction, we must begin with the Rules of Statutory Construction. A statute's words and phrases are to be construed according to their common and approved usage, and where the words of a statute are clear and free from ambiguity, the letter of the statute may not be disregarded. *See* 1 Pa.C.S. §§ 1903(a), 1921(b); *Commonwealth v. MacPherson*, 561 Pa. 571, 752 A.2d 384, 391 (2000).

*Id.* at 501. The Court continued:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* After considering limitations on serial state collateral review not at issue in our case, the Court concluded:

> [W]e hold that the language "has been held" means that the ruling on retroactivity of the new constitutional law must have been made prior to the filing of the petition for collateral review.
>
> We find further support for our conclusion today in a recent United States Supreme Court case. *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). In *Tyler*, the Court looked at a similar provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provided that the petitioner must make "a prima facie showing" that his "claim

> relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." ***Tyler***, 533 U.S. at 660, 121 S.Ct. 2478 (quoting 28 U.S.C. § 2244(b)). Specifically, the Court was called upon to interpret the phrase "made retroactive to cases on collateral review by the Supreme Court."
>
> When reviewing the new constitutional rule in context, the Court explained that the only way a new rule becomes retroactive was simply by the action of the Supreme Court itself. Further, "the only way the Supreme Court can, by itself 'lay out and construct' a rule's retroactive effect . . . is through a holding." ***Id.*** at 663, 121 S.Ct. 2478. Thus, the Court determined that a new rule of constitutional law is not "made retroactive to cases on collateral review" unless the Supreme Court has held it to be retroactive. ***Id.***

***Id.*** at 501-02. "After reviewing the plain language of the subsection and United States Supreme Court case law, we are persuaded that the language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the petition is filed." ***Id.*** at 502.

Appellant claims he is serving an illegal sentence and is incarcerated in violation of his due process rights. His assertions are based upon our Supreme Court's ruling in ***Neiman***, finding Act 152, which included the Megan's Law III provisions, unconstitutional. It is not necessary for us to consider whether declaring Act 152 unconstitutional gives rise to a new "constitutional right" because our review of ***Neiman*** confirms that the Supreme Court did not direct that its decision was to apply retroactively. In fact, the Court did not even discuss the effect of its decision on cases that had become final before ***Neiman*** was decided. It cannot be said that the right asserted by Appellant "has been held by [our Supreme Court] to apply

retroactively." Therefore, Appellant does not qualify for an exception under § 9545(b)(1) that can save his PCRA petition from the time bar of the PCRA.

The fact that Appellant is claiming an illegal sentence, based upon a crime that does not exist, does not change the outcome. In *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014), the appellant sought retroactive application based on *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). This Court determined that the appellant did not satisfy the new constitutional right exception to the PCRA's time bar, recognizing:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied,* 615 Pa. 784, 42 A.3d 1059 (2012), *citing* *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also, e.g., Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.
>
> We are aware that an issue pertaining to *Alleyne* goes to the legality of the sentence. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (stating, "a challenge

to a sentence premised upon **Alleyne** likewise implicates the legality of the sentence and cannot be waived on appeal[ ]"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*" **Commonwealth v. Orellana**, 86 A.3d 877, [882] n. 7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. **See Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 [n.8] (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction[ ]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [**Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014]. As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's [] PCRA petition, as it was untimely filed and no exception was proven.

**Id.** at 995-96 (some citations omitted; footnote omitted).

Although the PCRA court did not dismiss Appellant's PCRA petition on timeliness grounds, we conclude the petition was untimely filed and is not save by any exception under § 9545(b)(1). "As an appellate court, we may affirm by reasoning different than that used by the trial court." **Commonwealth v. Miller**, 787 A.2d 1036, 1038 (Pa. Super. 2001) (citation omitted). Therefore, we affirm the September 11, 2014 order denying Appellant's amended PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2015