J-S36039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TROY DOUGLAS FRY, | |
| Appellant | No. 1863 MDA 2015 |

Appeal from the PCRA Order October 6, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001279-2013

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 21, 2016**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Lancaster County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history are as follows: Appellant was arrested, and on July 2, 2013, represented by counsel, he entered a guilty plea to the charge of robbery, 18 Pa.C.S.A. § 3701. At the guilty plea colloquy, Appellant admitted "that on February 11th of 2013 at the Superstar Grocery Story on North Lime Street in Lancaster, [he] placed Peter Johnson in fear of serious bodily injury by pointing a black pistol at him." N.T., 7/2/13, at 3. On that same date, after Appellant waived a presentence investigation report, the trial court sentenced him to five years to ten years

*Former Justice specially assigned to the Superior Court.

in prison, plus directed him to pay a fine of $100.00 and costs. Despite being informed of his right to do so, Appellant filed neither a post-sentence motion nor a direct appeal.

On July 16, 2015, Appellant filed a *pro se* PCRA petition,[1] and the PCRA court appointed counsel to represent Appellant. On August 20, 2015, counsel filed an amended PCRA petition, and thereafter, the Commonwealth filed a response. On September 16, 2015, the PCRA court provided Appellant with a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without an evidentiary hearing on the basis it was untimely filed.

Appellant filed a *pro se* response. By orders entered on October 6, 2015, the PCRA court dismissed Appellant's PCRA petition and granted counsel's motion to withdraw his representation.[2] This timely *pro se* appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

Preliminarily, we must determine whether Appellant's first PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50

---

[1] Although Appellant's *pro se* PCRA petition was docketed on July 20, 2015, the prison envelope in which Appellant's petition was mailed bears a time stamp of July 16, 2015. Accordingly, pursuant to the prisoner mailbox rule, we deem Appellant's PCRA petition to have been filed on July 16, 2015. *See Commonwealth v. Patterson*, 931 A.2d 710 (Pa.Super. 2007) (discussing prisoner mailbox rule).

[2] Counsel's motion to withdraw was neither docketed nor included in the certified record. However, Appellant does not challenge the PCRA court's order allowing counsel to withdraw, or raise any issue with his proceeding *pro se* on appeal. We shall not raise *sua sponte* the propriety of the trial court's order granting counsel's motion to withdraw. *See Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875 (2009).

(Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

    (i)      the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline. Our Supreme Court has held that any petition invoking an exception must show due diligence insofar as the petition must be filed within 60 days of the date the claim could have first been presented. ***Commonwealth v. Edmiston***, 619 Pa. 549, 65 A.3d 339 (2013).

Here, Appellant did not file a direct appeal from the judgment of sentence entered after he pled guilty before the trial court. Thus, his judgment of sentence became final on August 1, 2013, thirty days following the imposition of his sentence. Since Appellant filed the current PCRA petition on July 16, 2015, nearly two years after his judgment of sentence became final, the petition is patently untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after

judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves statutory exception to PCRA time-bar).

This does not end our inquiry, however, as Appellant asserts he is entitled to Section 9545(b)(ii)'s newly-discovered fact exception. Appellant's Brief at 6-7. Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows:

> [Section 9545](b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007) (emphasis in original). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa.Super. 2011) (citation omitted).

Instantly, Appellant argues that the United States Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013), and the Pennsylvania Supreme Court's decision in ***Commonwealth v. Hopkins***, ___ Pa. ___, 117 A.3d 247 (2015), satisfy the newly-discovered fact exception. However, judicial opinions are not newly-discovered facts for the purposes of Section 9545(b)(1)(ii). ***Commonwealth v. Watts***, 611 Pa.

80, 23 A.3d 980 (2011). In any event, Appellant further avers that Section 9545(b)(1)(ii) is satisfied on the basis the "newly-discovered fact" is his sentence being illegal and unconstitutional in light of the Pennsylvania Supreme Court's decision in *Hopkins*, *supra*. Appellant's Brief at 6-7.

In our view, notwithstanding the label given to it, we agree with the PCRA court that Appellant's alleged new fact, *i.e.*, that his sentence is illegal and unconstitutional, is actually an attempt to raise an argument under the new constitutional right exception of Section 9545(b)(1)(iii). In this vein, we note Appellant acknowledges that the "fact" of his alleged illegal sentence stems from *Alleyne* and *Hopkins*, which as indicated *supra*, are not facts, but judicial decisions. *See Watts*, *supra*.

In *Alleyne*, the Supreme Court held, as a matter of federal constitutional law, "that any fact that increases the mandatory minimum is an element [of an aggravated offense] that must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2155 (quotation marks omitted). However, Appellant concedes in his brief that *Alleyne* does not satisfy the new constitutional right exception at Section 9545(b)(1)(iii), and he indicates that he does not wish to rely on this exception. *See* Appellant's Brief at 7-8. *See also Commonwealth v. Miller*, 102 A.3d 988, 994-95 (Pa.Super. 2014) (noting that Section 9545(b)(1)(iii) does not apply to *Alleyne* since neither the United States Supreme Court nor our Supreme Court have held *Alleyne* to apply retroactively to cases on collateral review). Moreover, and in any

event, we note Appellant's claim would fail since ***Alleyne*** was decided on June 17, 2013, and Appellant's July 16, 2015, petition was filed well beyond the 60-day time limit of Section 9545(b)(2).

Moreover, we conclude ***Hopkins*** does not satisfy the new constitutional right exception at Section 9545(b)(1)(iii). In ***Hopkins***, our Supreme Court held that under ***Alleyne*** the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") is unconstitutional in its entirety, as certain provisions of the statute do not adhere to ***Alleyne's*** rule and are not severable from the remaining portions of the statute. ***Hopkins***, 117 A.3d at 262. However, the ***Hopkins*** decision did not announce a "new rule;" but rather, it simply assessed the validity of Section 6317 under ***Alleyne***, and concluded that particular mandatory minimum sentencing statute is unconstitutional. Nevertheless, even if ***Hopkins*** announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that ***Hopkins*** applies retroactively to post-conviction petitioners such as Appellant. Consequently, to the extent Appellant attempts to rely on ***Hopkins***, he has not satisfied the timeliness exception of Section 9545(b)(1)(iii).

Finally, Appellant maintains that his sentence should be vacated since "an unconstitutional statute is ineffective for any purpose as it's [*sic*] unconstitutionality dates from the time of the enactment and not merely from the date of the decision holding it so." Appellant's Brief at 8 (quoting

*Commonwealth v. Muhammed*, 992 A.2d 897, 903 (Pa.Super. 2010)). However, as this Court has held, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super. 2104) (citation omitted). Thus, even assuming, *arguendo*, Appellant sentence was illegal from its inception, and not just allegedly from the date of the decisions rendered in *Alleyne* and *Hopkins*, he must prove the applicability of one of the above-stated timeliness exceptions in order for this Court to have jurisdiction to correct the illegal sentence. *See Miller*, *supra*.

Here, Appellant's PCRA petition in untimely, and he has proven no exception. Therefore, the courts lack jurisdiction to consider the merits of the issues, including legality of sentence, presented in Appellant's petition.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2016