**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Kareem MUHAMMED, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 18, 2009.

Filed March 23, 2010.

Jill Heilman, Public Defender, for appellant.

Michael Erlich, Asst. Dist. Atty., for Com., appellee.

BEFORE: STEVENS, GANTMAN, and ALLEN, JJ.

OPINION BY GANTMAN, J.:

¶1 Appellant, Kareem Muhammed, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his bench trial convictions for unauthorized transfer of sounds on recording devices and trademark counterfeiting.[1] Appellant asks us to

1. 18 Pa.C.S.A. §§ 4116, 4119.

determine whether the trial court erred in denying Appellant's motion to suppress evidence obtained from what he claims was an unlawful traffic stop. We hold the vehicle stop was lawful, and the court properly denied the suppression motion. Accordingly, we affirm the conviction for unauthorized transfer of sounds on recording devices but *sua sponte* reverse the conviction for trademark counterfeiting under 18 Pa. C.S.A. § 4119, vacate the judgment of sentence (because we have disturbed the court's overall sentencing design), and remand for re-sentencing.

¶ 2 The relevant facts and procedural history of this case are as follows. On May 23, 2008, Officer James Koenig was traveling on the 200 block of South 51st Street in Philadelphia when he observed Appellant driving a Chevrolet Caprice with a nonfunctioning center brake light in the rear window. Officer Koenig and his partner, Officer Lawrence Tevelson, stopped Appellant's vehicle on the belief that the brake light malfunction constituted a violation of the Motor Vehicle Code ("MVC"). As the officers approached Appellant's vehicle, Officer Koenig observed an open bag on the back seat of the vehicle. The open bag contained over two hundred (200) compact discs (CDs) and digital video discs (DVDs), some of which were duplicates of other items in the collection, all of which the officer immediately recognized as contraband. Accordingly, the officers ticketed Appellant for driving with a broken brake light, seized the bag of contraband, and arrested Appellant for violation of Sections 4116 and 4119 of the Crimes Code.

¶ 3 On September 4, 2008, Appellant litigated a motion to suppress the evidence obtained as a result of the traffic stop, arguing the stop was not supported by reasonable suspicion of a MVC violation. After the court denied the motion, Appellant waived his right to a jury trial. The court convicted Appellant on both charges and immediately sentenced him to eleven and one half (11 ½) to twenty-three (23) months incarceration plus five (5) years of consecutive probation. In addition, the court ordered Appellant to pay restitution in the amount of $2019.00 for the 161 CDs and $1045.00 for the 55 DVDs, and $237.00 in fines and costs. Appellant timely filed a notice of appeal on September 30, 2008. The court also granted Appellant work release that same day. On December 2, 2008, the court ordered counsel to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), on or before December 23, 2008. Counsel timely filed the statement on December 22, 2008.

¶ 4 Appellant raises one issue on appeal: DID NOT THE [TRIAL] COURT ERR BY DENYING APPELLANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE, WHERE THE POLICE LACKED REASONABLE SUSPICION TO STOP APPELLANT'S CAR AS THE STOP WAS NOT BASED UPON A REASONABLE BELIEF THAT APPELLANT VIOLATED THE SECTION OF THE [MVC] REGARDING REAR BRAKE LIGHTS WHEN THE 2 REQUIRED REAR BRAKE LIGHTS ON EACH SIDE OF APPELLANT'S CAR WERE FULLY FUNCTIONING?

(Appellant's Brief at 3).

¶ 5 Appellate review of an order denying a suppression motion implicates the following principles:

An appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [Because] the prosecution prevailed in

the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Hall,* 929 A.2d 1202, 1206 (Pa.Super.2007) (quoting *Commonwealth v. Stevenson,* 894 A.2d 759, 769 (Pa.Super.2006), *appeal denied,* 591 Pa. 691, 917 A.2d 846 (2007)).

¶ 6 On appeal, Appellant asserts the Pennsylvania MVC requires only the left and right brake lights to work properly. Appellant argues a nonfunctioning center brake light is not a violation of the vehicle code because it is an optional light. Appellant contends the police unreasonably believed a nonfunctioning center brake light constituted a MVC violation and unlawfully stopped his car based on that belief. Appellant concludes the police lacked reasonable suspicion to stop his vehicle, and the court should have suppressed all evidence obtained as a result of the stop. We disagree.

¶ 7 Section 6308 of the Motor Vehicle Code provides:

### § 6308. Investigation by police officers

\* \* \*

(b) **Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has **reasonable suspicion** that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b) (emphasis added). "When the police stop a vehicle in this Commonwealth for investigatory purposes, the vehicle, and its occupants are considered 'seized' and this seizure is subject to constitutional constraints." *Commonwealth v. Swartz,* 787 A.2d 1021, 1024 (Pa.Super.2001) (*en banc*). Police can initiate an investigatory stop when they have reasonable suspicion of a MVC violation. *Commonwealth v. Chase,* 599 Pa. 80, 102, 960 A.2d 108, 120 (2008). Neither the federal nor the state constitution prevents "police from stopping and questioning motorists when [the police] witness or suspect a violation of traffic laws, even if it is a minor offense." *Id.* at 89, 960 A.2d at 113.

[T]o establish grounds for reasonable suspicion, the officer must articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. The question of whether *reasonable suspicion existed at the time* [the officer conducted the stop] must be answered by examining the totality of the circumstances to determine whether the officer who initiated the stop had a particularized and objective basis for suspecting the individual stopped. Therefore, the fundamental inquiry of a reviewing court must be an *objective one, namely, whether the facts* available to the officer at the moment of the [stop] warrant a [person] of reasonable caution in the belief that the action taken was appropriate.

*Commonwealth v. Basinger*, 982 A.2d 121, 125 (Pa.Super.2009) (internal citations and quotation marks omitted). Likewise, "Reasonable suspicion sufficient to stop a motorist must be viewed from the standpoint of an objectively reasonable police officer.... A finding of reasonable suspicion does not demand a meticulously accurate appraisal of the facts. Indeed, even stops based on factual mistakes generally are constitutional if the mistake is objectively reasonable." *Chase,' supra* at 101–02, 960 A.2d at 120 (internal citations and quotation marks omitted). In other words, "a traffic stop must be the result of a reasonable belief on the part of the officer that the [MVC] is being violated. While an actual violation need not be established, a reasonable basis for the officer's belief is required to validate the stop." *Commonwealth v. Benton*, 440 Pa.Super. 441, 655 A.2d 1030, 1033 (1995).

The [MVC] requires that passenger cars operating upon the highways meet certain vehicle equipment safety standards. *See* 75 Pa.C.S.A. §§ 4101–08. The Code further requires that the Department of Transportation promulgate specific regulations regarding such vehicle equipment standards. 75 Pa.C.S.A. § 4103(a). The Department's regulations, promulgated in accordance with Section 4103(a) of the [MVC], require that all items on the body of a vehicle shall be in safe operating condition....

*Hall, supra* at 1206–07. Specifically, the MVC, Chapter 43, governs lighting equipment and initially provides:

### § 4301. Promulgation of regulations by department

The department shall promulgate regulations governing the number, visibility, color, size, type, construction, location and use of lamps, other lighting equipment and any retroreflective surfaces on vehicles.

75 Pa.C.S.A. § 4301. Section 4303 of Pennsylvania's vehicle code further states in relevant part:

### § 4303. General lighting requirements

\* \* \*

**(b) Rear Lighting.**—Every vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light, **in conformance with regulations of the department.** If a vehicle is equipped with a centrally mounted rear stop light, a decal or overlay may be affixed to the centrally mounted rear stop light if the decal or overlay meets all applicable State and Federal regulations.

\* \* \*

75 Pa.C.S.A. § 4303(b).

¶ 8 The Pennsylvania Department of Transportation Regulations, at Title 67, Chapter 153, Lamps, Reflective Devices and Associated Equipment provide:

### § 153.4. Requirements.

\* \* \*

(a) Required motor vehicle lighting equipment....

(1)

\* \* \*

(vi) Each stop lamp ... on a passenger car ... shall have an effective projected luminous area not less than 3 1/2 square inches. If ... multiple lamps are used, the effective projected luminous area of each ... lamp shall be not less than 3 1/2 square inches....

\* \* \*

(d) Equipment combinations. Two or more lamps, reflective devices, or items of associated equipment are met,....

(e) Special wiring requirements. Special wiring requirements shall be as follows:

\* \* \*

(4) The stop lamps on each vehicle shall be activated upon application of the service brakes.

\* \* \*

(f) Activated lamps. When activated:

(1) Turn signal lamps, hazard warning signal lamps and school bus warning lamps shall flash.

(2) All other lamps shall be steady-burning, except that means may be provided to flash headlamps and side marker lamps for signaling purposes.

\* \* \*

67 Pa.Code § 153.4(a)(1)(vi), (d), (e)(4), (f)(1)-(2). Additionally, the Regulations at Chapter 175, Vehicle Equipment and Inspection, Subchapter E, Passenger Cars and Light Trucks state:

§ 175.66. **Lighting and electrical systems.**

\* \* \*

(b) Lighting standards. A lamp shall comply with vehicle lighting equipment requirements of this title. See Table II–IV; Chapter 153 and 75 Pa.C.S. § 4301.

\* \* \*

(f) Illumination except headlamps, fog lamps and auxiliary driving lamps. A vehicle specified under this subchapter shall be equipped with ... stop lamps ... which under normal atmospheric conditions shall be capable of being seen and distinguished during nighttime operation at a distance of 500 feet. See 75 Pa.C.S. § 4303(b)(d).

(1) Stop lamps ... shall be visible at distance of 100 feet during normal sunlight.

(2) Rear lamps shall be lighted whenever headlamps, fog lamps or auxiliary driving lamps are in operation.

\* \* \*

(g) Condition and position of lamps. Lamps shall be properly fastened; direct light properly ... and not be so obstructed by a screen, bar, auxiliary equipment or a device as to obscure, change the color of or obstruct beam.

\* \* \*

67 Pa.Code § 175.66(b), (f)(1)-(2), (g). A center-mounted brake light is not required equipment under the MVC and regulations but, if it is originally equipped or installed, then it must operate properly and safely. *See* 67 Pa.Code 175.80(9) (providing vehicle presented for inspection should be rejected when "[a]n exterior bulb or sealed beam, if originally equipped or installed, fails to light properly, except ornamental lights"). Under Section 175.2, lamps qualify as ornamental only if they are not required **and** are not available as original equipment. *See* 67 Pa.Code § 175.2 (defining: "Ornamental lamps—Lamps not required and not located as described in Tables III, IV and V of this chapter, unless available as original equipment").

¶ 9 Instantly, Officer Koenig testified the traffic stop occurred at approximately 7:45 p.m. on May 23, 2008. Officer Koenig said he was behind Appellant's vehicle and noticed the center brake light did not illuminate when Appellant applied his brakes. Officer Koenig stated the two fender brake lights appeared to be working properly. As a result of this observation, Officer Koenig effectuated a traffic stop. Officer Koenig's testimony makes clear he believed Appellant was operating his vehicle in violation of the MVC. Appellant's center brake light constituted vehicle equipment that was not ornamental. Although the center brake light was not mandatory

equipment on Appellant's vehicle, the vehicle was so equipped; thus, the light can be held to the same standards and requirements as the other brake lights. The MVC requires Appellant's brake lights to illuminate upon application of the brakes. When Officer Koenig observed Appellant's center brake light fail to illuminate upon application of the brakes, the officer had reasonable suspicion of a MVC violation. *See* 75 Pa.C.S.A. § 4303; 67 Pa.Code §§ 153.4, 175.66. Accordingly, we refuse to disturb the court's decision to deny Appellant's motion to suppress. *See Hall, supra* (holding officers had reasonable suspicion that violation of MVC occurred or was occurring when they stopped appellant; therefore, court properly denied appellant's suppression motion).

■ ¶ 10 Nevertheless, we see in the certified record that the court convicted and sentenced Appellant to eleven and one half (11 ½) to twenty-three (23) months of incarceration plus five (5) years of consecutive probation for his trademark counterfeiting offense; the other offense merged for sentencing purposes. On October 5, 2009, during the pendency of this appeal, the Pennsylvania Supreme Court declared as unconstitutionally overbroad the criminal statute of trademark counterfeiting at 18 Pa.C.S.A. § 4119. *Commonwealth v. Omar,* 602 Pa. 595, 981 A.2d 179, 181 (2009). "An unconstitutional statute is ineffective for any purpose [as] its unconstitutionality dates from the time of its enactment and not merely from the date of the decision holding it so." *Commonwealth v. Michuck,* 454 Pa.Super. 594, 686 A.2d 403, 407 (1996), *appeal denied,* 548 Pa. 668, 698 A.2d 593 (1997). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Stevenson,* 850 A.2d 1268, 1271 (Pa.Super.2004) (*en banc*).

We can raise and review an illegal sentence *sua sponte. Commonwealth v. Oree,* 911 A.2d 169, 172 (Pa.Super.2006), *appeal denied,* 591 Pa. 699, 918 A.2d 744 (2007).

■ ¶ 11 Here, the trial court convicted Appellant for a violation of an unconstitutional criminal statute. *See Omar, supra.* Because the statute is deemed unconstitutional retroactive to its enactment, the court lacked statutory authority to convict and sentence Appellant for trademark counterfeiting. *Michuck, supra. See also Stevenson, supra.* Accordingly, we affirm the conviction for unauthorized transfer of sounds on recording devices but *sua sponte* reverse the conviction for trademark counterfeiting under 18 Pa. C.S.A. § 4119, vacate the judgment of sentence (because we have disturbed the court's overall sentencing design), and remand for re-sentencing. *See Commonwealth v. Bartrug,* 732 A.2d 1287 (Pa.Super.1999), *appeal denied,* 561 Pa. 651, 747 A.2d 896 (1999) (citing *Commonwealth v. Vanderlin,* 398 Pa.Super. 21, 580 A.2d 820, 831 (1990) (holding if trial court errs in its sentence on one count in multi-count case, then all sentences for all counts will be vacated and matter remanded for court to restructure its entire sentencing scheme). *See also Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied,* 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987)) (stating if appellate court alters overall sentencing scheme, then remand for re-sentencing is proper).

¶ 12 Judgment of sentence vacated; case remanded for re-sentencing. Jurisdiction is relinquished.