J-S38028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES H. HERB, III | |
| Appellant | No. 1569 MDA 2014 |

Appeal from the PCRA Order entered September 11, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0003100-2011

BEFORE:  WECHT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 15, 2015**

Appellant, James H. Herb, III, appeals from the September 11, 2014 order entered in the Court of Common Pleas of Luzerne County, denying his amended petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Following review, we affirm.[1]

Appellant appeared before the Honorable Fred A. Pierantoni, III, on July 30, 2013 and entered into a plea for failure to comply with Megan's Law

---

[1] The record reflects that on October 7, 2014, a motions panel of this Court issued a Rule to Show Cause why this appeal should not be dismissed pursuant to Pa.R.A.P. 301(a)(1), which provides that no order is appealable until it has been entered upon the trial court docket.  By subsequent order entered December 17, 2014, the motions panel acknowledged receipt of Appellant's response to the rule; discharged the show cause rule; and noted the issue would be referred to the merits panel.  Our review of the trial court docket confirms the entry of the September 11, 2014 order as required by Rule 301(a)(1).  Therefore, the appeal is properly before us.

III, which included the sexual offender registration requirements in effect at the time. Judge Pierantoni sentenced Appellant to a minimum of 36 months and maximum of 72 months in a state correctional institution.

On December 16, 2013, our Supreme Court ruled that Megan's Law III was unconstitutional because Act 152 of 2004 (Act 152), which included the provisions of Megan's Law III, violated the Single Subject Rule of Article III, Section 3, of the Pennsylvania Constitution. ***Commonwealth v. Neiman***, 84 A.3d 603 (Pa. 2013). However, the Court noted:

> [A]s we have observed previously in striking down other legislation which violated Article III, Section 3, "nothing ... precludes the General Assembly from enacting similar provisions in a manner consistent with the Constitution." ***City of Philadelphia***[ ***v. Commonwealth***, 838 A.2d 566, 594 (Pa. 2003)]. [S]ince we find merit in the General Assembly's suggestion that our decision abrogating the entirety of Act 152 will have a significant impact on a wide variety of individuals and entities which have ordered their affairs in reliance on its provisions, we will stay our decision, as we have done under similar circumstances, in order to provide a reasonable amount of time for the General Assembly to consider appropriate remedial measures, or to allow for a smooth transition period. ***See City of Philadelphia***, [] 838 A.2d at 594.

***Id.*** at 616. Significantly, despite striking Act 152 in its entirety, the Court commented:

> We stress, however, that this action should, in no way, be read as a repudiation of the merits of the various legislative components of Act 152 such as Megan's Law III, which serves a vital purpose in protecting our Commonwealth's citizens and children, in particular, from victimization by sexual predators.

***Id.*** at 615.

The Supreme Court stayed its decision for 90 days, by which time the Legislature passed Act 19 of 2014 (Act 19) with a retroactive effective date of December 20, 2012. Act 19 amended the sexual offender registration requirements imposed by 42 Pa.C.S.A. § 9799.10 *et seq.*, also known as the Sexual Offender Registration and Notification Act (SORNA), and included a declaration by the Legislature that "[i]t is the intention of the General Assembly to address the Pennsylvania Supreme Court's decision in **Commonwealth v. Neiman** [] by amending this subchapter in the act of (March 14, 2014, P.L. 41, No. 19)." 42 Pa.C.S.A. § 9799.11(b)(3).

On May 12, 2014, the Luzerne County Public Defender's Officer filed a PCRA petition on Appellant's behalf. The office filed an amended petition on July 18, 2014 that included Appellant's requisite verification and consent. A hearing on the petition was held on September 11, 2014. At the conclusion of the hearing, Judge Pierantoni, who was also the PCRA court judge, denied Appellant's petition. This timely appeal followed in which Appellant presents one issue for our consideration:

> Whether the [PCRA] court erred in denying [Appellant's] Petition for Post-Conviction Relief where [Appellant] is currently serving an illegal sentence and is incarcerated in violation of the due process clauses of both the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania?

Appellant's Brief at 2.

In essence, Appellant argues that the Megan's Law III provisions under which he was sentenced are void *ab initio*, rendering his sentence

- 3 -

unconstitutional because the offense for which he was sentenced never existed. Appellant does not dispute that he entered a guilty plea to a violation of his reporting requirements, nor does he suggest that his transgression is no longer a violation under the provisions of Act 19 that amended SORNA and were retroactive to December 20, 2012. Simply stated, he is attempting to play a "Get Out of Jail Free" card by claiming **Neiman** should be applied retroactively and the Legislature's enactment of Act 19 should be disregarded.

Appellant looks to this Court's ruling in **Commonwealth v. Michuck**, 686 A.2d 403 (Pa. Super. 1996), in which we vacated a conviction under the Vehicle Code because, while the appeal was pending, our Supreme Court struck down a subsection of the Code under which Michuck was convicted.[2] We recognized that "[a] court does not have power to enforce a law which is no longer valid." **Id.** at 407. Similarly, Appellant relies on **Commonwealth v. Muhammed**, 992 A.2d 897 (Pa. Super. 2010), in which we affirmed Muhammed's conviction for unauthorized transfer of sounds on recording devices but *sua sponte* reversed his conviction for trademark counterfeiting because our Supreme Court declared the trademark counterfeiting statute

---

[2] Michuck had been convicted under 75 Pa.C.S.A. § 3731(a)(5), which imposed criminal penalties on individuals with a certain blood alcohol content within three hours of driving, a provision our Supreme Court determined to violate both state and federal due process guarantees in **Commonwealth v. Barud**, 681 A.2d 162 (1996). **See Michuck**, 686 A.2d at 407.

unconstitutional.[3]  "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated."  *Id.* at 903 (quoting *Commonwealth v. Stevenson*, 850 A.2d 1268, 1271 (Pa. Super. 2004) (*en banc*)).

Preliminarily, we note that Appellant's reliance on *Michuck* and *Muhammed* is misplaced.  Unlike the case before us, both *Michuck* and *Muhammed* were pending on direct appeal when the relevant statutes were declared unconstitutional.

In *Commonwealth v. Riggle*, 2015 WL 4094427 (Pa. Super. July 7, 2015), this Court considered whether a constitutional rule warrants retroactive application on collateral review, as in the case before us, rather than on direct appeal, as in *Michuck* and *Muhammed*.  Looking to *Teague v. Lane*, 489 U.S. 288 (1989), we explained:

> Under the *Teague* framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review.  A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding.

*Riggle* at *4 (quoting *Whorton v. Bocktin*, 549 U.S. 406, 416 (2007)).  Without attempting to "define the spectrum of what may or may not

---

[3] In *Commonwealth v. Omar*, 981 A.2d 179 (Pa. 2009), our Supreme Court struck down the criminal statute of trademark counterfeiting (18 Pa.C.S.A. § 4119) as unconstitutionally overbroad.  *See Muhammed*, 992 A.2d at 903.

constitute a new rule for retroactivity purposes[,]" this Court explained that generally, "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* at *5 (citations omitted). Appellant urges us to consider *Neiman* as a new rule to be applied retroactively.

Applying the *Teague* standard, it is clear that *Neiman*, which struck down Megan's Law III as unconstitutional, announced a new rule. With regard to collateral proceedings, in accord with *Teague* and its progeny, the new rule will be applied retroactively if it falls under one of two exceptions: "it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or it is a watershed procedural rule that "alters the understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Id.* at *5-*6 (citations and internal quotations omitted).

"The only rule explicitly recognized by the United States Supreme Court as a watershed criminal procedural rule was announced in *Gideon v. Wainwright*, 372 U.S. 335 [] (1963), *i.e.*, the right to counsel during a felony criminal prosecution." *Id.* at *6 (citing *Whorton*, 549 U.S. at 419). Recognizing that the rule announced in *Neiman* does not rise to the level of a watershed procedural rule such as announced in *Gideon*, we will limit our discussion to whether the *Neiman* rule falls under the first exception.

By striking down the provisions of Megan's Law III, *Neiman* does place violations of that law beyond the power of the criminal law-making authority to proscribe. If our analysis were to conclude here, it would appear Appellant would be entitled to relief under the first exception. If the *Neiman* rule were to be applied retroactively, the PCRA court would not have authority to convict Appellant or sentence him for a violation of Megan's Law III as an unconstitutional law that was stricken. However, the Court in *Neiman* did more than hold that Act 152, including Megan's Law III, was unconstitutional. The Court stayed abrogation of Act 152 for 90 days to provide an opportunity for the General Assembly to take remedial measures to address the manner in which the legislations was enacted. In doing so, the Court, as previously stated, proclaimed that its action in striking down Act 152 "should, in no way, be read as a repudiation of the merits of the various legislative components of Act 152 such as Megan's Law III, which serves a vital purpose in protecting our Commonwealth's citizens and children, in particular, from victimization by sexual predators." *Neiman*, 84 A.3d at 615. The Legislature acted in response to and in accord with *Neiman* and passed Act 19, retroactive to December 20, 2012, which once again made Appellant's failure to register a criminal offense.

Accordingly, Appellant's contention—that by invalidating Megan's Law III from its enactment, the *Neiman* decision placed conduct covered by the statute beyond the Commonwealth's power to punish and that he is being

- 7 -

punished for a crime that did not exist—must be rejected. Appellant ignores the fact the sexual offender registration provisions were reinstated by Act 19, retroactive to December 20, 2012, prior to the effective date of **Neiman** and prior to Appellant's July 2013 guilty plea and sentencing. Although Appellant would like to think that **Neiman** makes him innocent of violating sexual offender registration requirements in place as of July 30, 2013, that is simply not the case in light of the retroactive application of Act 19. With the enactment of Act 19, SORNA was amended and criminalized the conduct for which Appellant was convicted.[4] Consequently, due to the retroactive application of Act 19, Appellant is not entitled to benefit from the new rule announced in **Neiman** because his sentence was not illegal under the law existing at the time of his conviction.

Finding no error in the PCRA court's denial of Appellant's PCRA petition, we affirm.

---

[4] As the PCRA court aptly observed, "It is obvious . . . that the Pennsylvania legislature seized the opportunity afforded by the Pennsylvania Supreme Court and appropriately enacted the provisions of law deemed unconstitutional as violating the single subject rule. No other conclusion is rational, reasonable or warranted as a matter of law or logic." PCRA Court Opinion, 10/28/14, at 7.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2015