J-S43006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH ROBERT KEEFER | |
| Appellant | No. 1860 MDA 2015 |

Appeal from the Judgment of Sentence December 2, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004132-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 21, 2016**

Appellant, Joseph Robert Keefer, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial convictions for rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, aggravated indecent assault of a child, indecent assault, incest of a minor, and corruption of minors.[1]  A jury convicted Appellant of all charges on August 12, 2014.  On December 2, 2014, the court sentenced Appellant to consecutive terms of ten (10) to twenty (20) years' incarceration for rape of a child and IDSI with a child, pursuant to the mandatory minimum statute at 42 Pa.C.S.A. § 9718.  The

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3126(a)(7), 4302(b)(1), 6301(a)(1)(ii), respectively.

court also sentenced Appellant to a concurrent term of five (5) to ten (10) years' incarceration for aggravated indecent assault of a child, and concurrent terms of one (1) to two (2) years' incarceration for indecent assault, incest of a minor, and corruption of minors. Appellant filed a timely post-sentence motion on December 11, 2014. On February 4, 2015, Appellant filed a motion to extend the 120-day disposition period for the post-sentence motion. The court granted a thirty-day extension. On May 7, 2015, the court denied Appellant's post-sentence motion. On October 20, 2015, Appellant filed a timely petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, seeking leave to file a direct appeal *nunc pro tunc*. The court reinstated Appellant's direct appeal rights that same day. Appellant timely filed a notice of appeal *nunc pro tunc* on October 22, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied.

Recently, this Court directly addressed the constitutionality of Section 9718 in **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014), where the trial court had imposed mandatory minimum sentences for multiple IDSI convictions, pursuant to Section 9718(a)(1). On appeal, this Court struck down Section 9718 as facially unconstitutional. **Id.** (citing **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)). **Alleyne** applies to all criminal cases pending on direct review. **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*).

> An unconstitutional statute is ineffective for any purpose as its unconstitutionality dates from the time of its enactment and not merely from the date of the decision holding it so. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

**Commonwealth v. Muhammed**, 992 A.2d 897, 903 (Pa.Super. 2010) (internal citations and quotation marked omitted).

Instantly, a jury convicted Appellant of, *inter alia*, one count each of rape of a child and IDSI with a child. At sentencing, the court applied Section 9718 to those convictions.[2] Given this Court's binding decision in **Wolfe**, however, we must vacate the judgment of sentence in its entirety and remand for resentencing. **See Commonwealth v. Bartrug**, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error on one count in multi-count case generally requires sentences for all counts to be vacated so trial court can restructure entire sentencing scheme). Accordingly, we affirm Appellant's convictions but vacate the judgment of sentence and remand for resentencing without imposition of any mandatory minimum term(s).

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

---

[2] In its opinion, the trial court incorrectly states it also applied Section 9718 to Appellant's conviction for aggravated indecent assault of a child, which carries a ten (10) year mandatory minimum sentence. **See** 42 Pa.C.S.A. 9718(a)(3). The court, however, imposed a minimum term of only five (5) years' incarceration for that offense.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/2016