J-S03043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD J. GRIFFITHS, | : | |
| | : | |
| Appellant | : | No.  1410 WDA 2016 |

Appeal from the PCRA Order Entered September 16, 2016,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002122-1998

BEFORE:  OLSON, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED FEBRUARY 27, 2017**

Richard J. Griffiths (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 1998, Appellant pled guilty to various crimes including four counts of involuntary deviate sexual intercourse (IDSI).  Appellant was sentenced to an aggregate term of 33 to 66 years of imprisonment to be followed by ten years of probation.  His sentence included a mandatory minimum sentence for each count of IDSI pursuant to 42 Pa.C.S. § 9718.  This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 2000 after our Supreme Court denied his petition for allowance of appeal.

---

* Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Griffiths***, 750 A.2d 368 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 761 A.2d 548 (Pa. 2000).

Appellant filed his first PCRA petition in 2001. The PCRA court denied his petition because it was untimely filed. Appellant did not file an appeal. In 2015, Appellant *pro se* filed a "Post-Sentence Motion 'Nunc Pro Tunc,'" which the PCRA court treated as a PCRA petition. The PCRA court denied this petition because it too was untimely filed. On appeal, this Court affirmed. ***Commonwealth v. Griffiths***, 136 A.3d 1026 (Pa. Super. 2016) (unpublished memorandum).

Appellant *pro se* filed the instant PCRA petition, his third, on July 29, 2016. Therein, he alleged his sentence is illegal pursuant to ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016) (holding 42 Pa.C.S. § 9718, the statute that provided a mandatory minimum sentence for IDSI, is unconstitutional under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013)).[1] PCRA Petition, 7/29/2016, at 4. Appellant alleged the filing of his petition was timely based on the newly-discovered-facts and new-constitutional-right exceptions to the PCRA time-bar, 42 Pa.C.S.

---

[1] Appellant also requested the appointment of counsel. It does not appear that the PCRA court addressed his request or appointed counsel for him. Appellant reiterates his request in his brief to this Court. We observe that counsel shall be appointed "[o]n a second or subsequent petition[] when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, **and** an evidentiary hearing is required." Pa.R.Crim.P. 904(D) (emphasis added). Because no hearing was necessary, Appellant is not entitled to the appointment of counsel herein.

§ 9545(b)(1)(ii) and (iii). PCRA Petition, 7/29/2016, at 3. Specifically, with respect to Section 9545(b)(1)(ii), he asserts his discovery of **Wolfe** is a newly discovered fact. **Id.** With respect to Section 9545(b)(1)(iii), he asserts our Supreme Court recognized a constitutional right, citing to **Commonwealth v. Muhammed**, 992 A.2d 897 (Pa. Super. 2010). **Id.**

On August 10, 2016, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 on the basis that the petition was untimely filed and the court lacked jurisdiction to consider it. Appellant filed a response, and on September 16, 2016, the PCRA court dismissed the petition. This appeal followed.

Before we can examine Appellant's substantive claims, we must determine whether the filing of his PCRA petition was timely. **See**, **e.g.**, **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)) ("'[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that a timeliness exception is met, and raises that claim within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1) and (2).

- 3 -

Appellant filed the 2016 petition more than a decade after his judgment of sentence became final. Thus, the petition is facially untimely, and the PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Although Appellant raised exceptions in his petition, he makes no argument in his brief to support his claim that any of the exceptions applies. Appellant appears to assert his petition is timely because his sentence is illegal pursuant to *Alleyne* and its progeny. However, our Supreme Court has held that *Alleyne* does not apply retroactively to cases on collateral review. *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016).

Because Appellant's PCRA petition was untimely filed and Appellant was unable to plead and prove an exception to the time-bar, the PCRA court properly dismissed Appellant's petition for lack of jurisdiction. Accordingly, we affirm the PCRA court's September 16, 2016 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017

- 4 -