J-A13036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| WESLEY W. MILLER, | |
| Appellant | No. 1344 EDA 2016 |

Appeal from the Judgment of Sentence April 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001895-2015

BEFORE: LAZARUS, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 20, 2017**

Appellant, Wesley W. Miller, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction for possession of a controlled substance with intent to deliver[1] ("PWID"), knowing and intentional possession of a controlled substance,[2] and possession of marijuana.[3] Appellant challenges the legality of the vehicle stop. We affirm.

We adopt the trial court's statement of the facts:

> On December 18, 2014, Philadelphia Police Officer David Dohan was on routine patrol in the area of Boyer Street and Woodlawn Avenue in Philadelphia when he

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(31).

observed [Appellant] operating an older Nissan Maxima that did not have an operational center-mounted, rear brake light. Officer Dohan knew that—since 1983—all cars have factory-installed, center-mounted, rear brake lights. Officer Dohan stopped [Appellant's] vehicle based upon what he believed was a violation of Section 4303(b) of the Motor Vehicle Code ["MVC"], which requires an operational center-mounted rear brake light.

Trial Ct. Op., 10/11/16, at 1.

Appellant filed a motion to suppress evidence obtained subsequent to the stop of his motor vehicle. The suppression court held a hearing on October 6, 2015. On October 13, 2015, the motion was denied. Following a non-jury trial, Appellant was sentenced to eleven-and-one-half months to twenty-three months of county incarceration followed by three years of reporting probation. This appeal followed.

Appellant raises the following issue for our review:

Did the [suppression] court err in denying [A]ppellant's motion to suppress inasmuch as the arresting officer stopped [A]ppellant for driving a vehicle that did not have a third brake light where no third brake light is required by law and where no brake light actually existed on the vehicle that was not properly functioning in accordance with the [MVC] of Pennsylvania?

Appellant's Brief at 3. Appellant argues

[i]t is clear from a thorough review of the [MVC] that there is no law prohibiting a car from being operated without a third or center brake light. The plain language of the relevant statutes are clear and unambiguous and do not lend to any reasonable interpretation that such a light is required. Officer Dohan's observations did not provide for any reasonable belief there was a violation of the [MVC]. He did not misinterpret any statutory language. He simply believed the law to require a third brake light where no

- 2 -

such requirement exists. As such, the stop was not supported by reasonable suspicion.

*Id.* at 7.

Our review is governed by the following principles:

When reviewing the propriety of a suppression order, an appellate court is required to determine whether the record supports the suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those findings are appropriate. . . . Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. . . . [T]the conclusions of law of the suppression court are subject to plenary review.

*Commonwealth v. Salter*, 121 A.3d 987, 992 (Pa. Super. 2015) (citation

omitted).

The MVC provides the following statutory authorization for a police

officer to stop a motor vehicle:

Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b). In *Commonwealth v. Busser*, 56 A.3d 419 (Pa.

Super. 2012), this Court explained:

[Section] 6308(b) requires only reasonable suspicion in support of a stop for the purpose of gathering information necessary to enforce the Vehicle Code violation. However, in *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa

Super. 2010) (*en banc*), [ ] this Court held that a police officer must have probable cause to support a vehicle stop where the officer's investigation subsequent to the stop serves no "investigatory purpose relevant to the suspected [Vehicle Code] violation."

*Id.* at 423.

In *Commonwealth v. Muhammed*, 992 A.2d 897 (Pa. Super. 2010), this Court held that "[a] center-mounted brake light is not required equipment under the MVC and regulations but, **if it is originally equipped or installed**, **then it must operate properly and safely**." *Id.* at 902 (citation omitted and emphasis added). The MVC provides:

> Every vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light, in conformance with regulations of the department. If a vehicle is equipped with a centrally mounted rear stop light, a decal or overlay may be affixed to the centrally mounted rear stop light if the decal or overlay meets all applicable State and Federal regulations.

75 Pa.C.S. § 4303(b).

In the case *sub judice*, the trial court opined:

> Here, Officer Dohan lawfully stopped [Appellant's] vehicle because he reasonably believed that he observed a violation of the [MVC] code, *i.e.*, [Appellant] was operating a vehicle that did not have a required center-mounted, rear brake light. Officer Dohan testified that he observed that [Appellant's] mid-1990's model Nissan Maxima lacked its factory equipped center-mounted, rear brake light. Officer Dohan further testified that he was aware at the time of the stop that all cars made after 1983—including [Appellant's] vehicle—are factory equipped with a center-mounted, rear brake light.

> [Appellant] argues that he made a "legal modification" when he removed the center-mounted, rear brake light. [Appellant] did not contest, however, that his mid-1990's car was originally equipped with a factory-installed, center-mounted, rear brake light. As a result, that light must operate "properly and safely." By removing the brake light, rather than covering it over with a decal, [Appellant] violated the [MVC]. Thus, Officer Dohan lawfully stopped [Appellant's] car based upon his observation of the missing center-mounted, rear brake light.

Trial Ct. Op. at 2-3. We agree no relief is due.

At the hearing on the motion to suppress, Officer Dohan testified, *inter alia*, as follows:

> [Appellant's counsel]: I'll mark as D-1 for identification purposes only.
>
> (Vehicle photograph marked Exhibit D-1 for identification.)
>
> Q: Do you know what this is?
>
> A: This is a Nissan Maxima and it is the same tag of the vehicle I stopped.
>
> Q: Okay. And is that the vehicle that you stopped?
>
> A: Yeah, I can tell because it has the spoiler missing, which is where [Appellant] informed me is where the third brake light was and it was no longer there.
>
> Q: So when you stopped him, the vehicle looks just like this?
>
> A: Yeah, I would say so.
>
> Q: And when you say that there's no third operational brake light, you mean that there's no brake light whatsoever?
>
> A: Yeah. There's no operating third brake light.

Q: And when you cite the—when you cite the section of the [MVC], Chapter 4303b, rear lighting, you do that with the belief that you're required to have a third brake light?

A: Correct. If it's factory equipped—any type of vehicles 1983 or later, it is factory equipped with a third brake light. If it's a pickup truck, it's '92 or later. So if it's '83 or later it has to be—it is equipped with a third brake light. One hundred percent from the factory it would be equipped with a third brake light.

Q: Okay. And that's your belief, right?

A: That is fact.

Q: And that fact you referenced is 4303(b)?

A: That's correct.

N.T., 10/6/15, at 23-25. Counsel for Appellant argued that Officer Dohan's

testimony is that there used to be a spoiler that had a light on it. That's not there. It's not a nonfunctioning brake light. It's not a brake light that's improperly covered. It's the legal modification of a car. There is simply no basis under the law of the Commonwealth's [MVC] or otherwise that bars this car from driving down the street.

*Id.* at 28.

We discern no error in the court's finding that Officer Dohan had lawfully stopped Appellant for violation of the MVC, specifically section 4303(b). *See* 75 Pa.C.S. § 6308(b); *Busser*, 56 A.3d at 423. Appellant's vehicle lacked its factory equipped center-mounted, rear brake light. *See Muhammed*, 992 A.2d at 902. The record supports the suppression court's factual findings. *See Salter*, 121 A.3d at 992. We discern no error in the court's conclusion that Officer Dohan lawfully stopped Appellant based upon

- 6 -

his observation of the missing center-mounted, rear brake light. ***See id.***

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2017