**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRELL DOCTOR | : | |
| | : | |
| Appellant | : | No. 1597 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 28, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003444-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRELL DOCTOR | : | |
| | : | |
| Appellant | : | No. 1598 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 28, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005642-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRELL DOCTOR | : | |
| | : | |
| Appellant | : | No. 1599 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 28, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005643-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
|---|---|---|
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| TERRELL DOCTOR | : |  |
|  | : |  |
| Appellant | : | No. 1600 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 28, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009141-2017

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED FEBRUARY 2, 2022**

Appellant, Terrell Doctor, appeals from judgments of sentence of the Court of Common Pleas of Philadelphia County (the trial court) following the revocation of his probation in four consolidated criminal proceedings.  For the reasons set forth below, we vacate Appellant's judgments of sentence and remand all four cases for reinstatement of the original orders of probation.

On January 29, 2018, Appellant entered negotiated guilty pleas in four criminal cases, CP-51-CR-0003444-2017 (CR-3444-2017), CP-51-CR-0005642-2017 (CR-5642-2017), CP-51-CR-0005643-2017 (CR-5643-2017), and CP-51-CR-0009141-2017 (CR-9141-2017).  In CR-3444-2017, Appellant pled guilty to robbery, aggravated assault, conspiracy, and carrying a firearm without a license and was sentenced to an aggregate 2 to 5 years' imprisonment followed by 7 years' probation.  N.T., 1/29/18, at 4-5, 7, 12-

_____

[*] Retired Senior Judge assigned to the Superior Court.

13, 18-19, 24-25; CR-3444-2017 Sentencing Order, 1/29/18. In CR-5642-2017, Appellant pled guilty to robbery and carrying a firearm without a license and was sentenced to an aggregate 2 to 5 years' imprisonment followed by 7 years' probation. N.T., 1/29/18, at 5, 7, 14-15, 19, 25; CR-5642-2017 Sentencing Order, 1/29/18. In CR-5643-2017, Appellant pled guilty to resisting arrest and was sentenced to 2 years' probation. N.T., 1/29/18, at 5-7, 15-17, 19-20, 25-26; CR-5643-2017 Sentencing Order, 1/29/18. In CR-9141-2017, Appellant pled guilty to robbery, conspiracy, and carrying a firearm without a license and was sentenced to an aggregate 2 to 5 years' imprisonment followed by 7 years' probation. N.T., 1/29/18, at 6-7, 17-18, 20, 26; CR-9141-2017 Sentencing Order, 1/29/18.

The trial court ordered that the sentences of imprisonment in CR-3444-2017, CR-5642-2017, and CR-9141-2017 were to run concurrently and that the probation sentences were concurrent with respect to each other, but that all the probation periods were to be served consecutive to the 2 to 5 year prison sentences. N.T., 1/29/18, at 4-6, 23-25; CR-3444-2017 Sentencing Order, 1/29/18; CR-5642-2017 Sentencing Order, 1/29/18; CR-9141-2017 Sentencing Order, 1/29/18. In CR-5643-2017, the trial court ordered that Appellant's probation was to be served concurrently with the probation portions of his sentences in CR-3444-2017, CR-5642-2017, and CR-9141-2017. N.T., 1/29/18, at 5-6, 23-26; CR-5643-2017 Sentencing Order, 1/29/18. In all four cases, the trial court imposed as a condition of probation

that Appellant was required to "submit to random home and vehicle checks for weapons and drugs." CR-3444-2017 Sentencing Order, 1/29/18; CR-5642-2017 Sentencing Order, 1/29/18; CR-5643-2017 Sentencing Order, 1/29/18; CR-9141-2017 Sentencing Order, 1/29/18; *see also* N.T., 1/29/18, at 22-23.

Appellant was paroled from his 2 to 5 year prison sentences by the Pennsylvania Board of Probation and Parole (state parole board) on June 29, 2019. In August 2019, while on parole, Appellant was arrested and charged with possession of a firearm by a person prohibited and other offenses. N.T., 1/9/20, at 8-9; Trial Court Opinion at 5. On February 10 and 13, 2020, before Appellant was tried on those new charges and over Appellant's objection that the hearing should be deferred until the new criminal charges were resolved, the trial court held violation of probation hearings in CR-3444-2017, CR-5642-2017, CR-5643-2017, and CR-9141-2017.[1] On February 13, 2020, based on the evidence at those hearings, the trial court found that Appellant was in possession of a firearm in the August 2019 incident, that this constituted a violation of the conditions of his probation in CR-3444-2017, CR-5642-2017,

_____

[1] It is not clear from the record whether the new criminal charges have yet been resolved. Appellant states in his brief, filed in July 2021, that, at that time, the new charges were listed to be tried on November 8, 2021. Appellant's Brief at 11.

- 4 -

CR-5643-2017, and CR-9141-2017, and revoked Appellant's probation in all four cases. N.T., 2/13/20, at 46-48.[2]

On July 22, 2020, the trial court sentenced Appellant to an aggregate 15 to 30 years' imprisonment followed by 21 years' probation in these four cases. Appellant filed timely post sentence motions in all four cases seeking reconsideration of his sentences. On July 28, 2020, the trial court granted the post sentence motions in part, vacated the July 22, 2020 sentences, and resentenced Appellant to an aggregate $7\frac{1}{2}$ to 15 years' imprisonment followed by 7 years' probation. CR-3444-2017 Sentencing Order, 7/28/20; CR-5642-2017 Sentencing Order, 7/28/20; CR-5643-2017 Sentencing Order, 7/28/20; CR-9141-2017 Sentencing Order, 7/28/20.

Appellant timely appealed in all four cases and this Court *sua sponte* consolidated these appeals. In his brief in these appeals, Appellant argues that the judgments of sentence must be vacated on the grounds that (1) the trial court should have deferred the violation of probation hearing until after the resolution of the new criminal charges; (2) the new sentences were excessive; and (3) the evidence was insufficient to show a violation of a condition of Appellant's probation. Appellant's Brief at 2-3. The Commonwealth argues that Appellant's sentences must be vacated under this Court's decision in

---

[2] Because Appellant's parole was from a state sentence, revocation of Appellant's parole was under the jurisdiction of the state parole board and the hearing and revocation were limited to Appellant's probation sentences.

*Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021) (*en banc*). We agree with the Commonwealth that it is clear from the record that Appellant was not serving his probation sentences in August 2019 and that under *Simmons*, the revocation of probation in these cases was without statutory authority and the sentences imposed for those revocations of probation are illegal sentences. We therefore vacate Appellant's judgments of sentence on that ground and need not and do not address Appellant's issues.

While Appellant, whose brief was filed before *Simmons* was decided, did not argue this issue, the issue of whether a sentence is illegal is not subject to waiver and may be raised by this Court, even if the appellant has not raised it. *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019); *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013). "The legality of a criminal sentence is non-waivable, and this Court may 'raise and review an illegal sentence *sua sponte*.'" *Pi Delta Psi, Inc.*, 211 A.3d at 889 (quoting *Commonwealth v. Muhammed*, 992 A.2d 897 (Pa. Super. 2010)). A sentence imposed for an invalid revocation of probation is an illegal sentence. *Simmons*, 262 A.3d at 515-16 & n.3.

A court may revoke a defendant's probation only upon proof that the defendant violated a condition of his probation. 42 Pa.C.S. § 9771(b); *Commonwealth v. Foster*, 214 A.3d 1240, 1243, 1250-51 (Pa. 2019); *Simmons*, 262 A.3d at 519. When a court orders that a sentence of probation is to run consecutive to a term of imprisonment, the defendant's conduct while

he is still on parole from the imprisonment sentence cannot constitute a violation of probation because the probation conditions cannot take effect until the imprisonment sentence has been fully served. **Simmons**, 262 A.3d at 523-25, 527.

Here, the record shows that Appellant's probation sentences in all four case were consecutive to his sentences of imprisonment and that he was still on parole in August 2019. The trial court's January 29, 2018 sentencing orders in CR-3444-2017, CR-5642-2017, and CR-9141-2017 expressly provided that all periods of probation were consecutive to the 2 to 5 year imprisonment portions of those sentences and its January 29, 2018 sentencing order in CR-5643-2017 expressly provided that the 1 to 2 year period of probation that it imposed was to be served concurrently with the probation sentence in CR-5642-2017. CR-3444-2017 Sentencing Order, 1/29/18; CR-5642-2017 Sentencing Order, 1/29/18; CR-9141-2017 Sentencing Order, 1/29/18; CR-5643-2017 Sentencing Order, 1/29/18.[3] Appellant was paroled

_____

[3] Although the trial court at the February 2020 hearings asserted that Appellant was serving his probation sentence in CR-5643-2017 in August 2019, N.T., 2/13/20, at 5, 49, those subsequent characterizations of Appellant's sentence cannot alter the clear language of the January 29, 2018 sentencing order. **Commonwealth v. Borrin**, 80 A.3d 1219, 1226-27 (Pa. 2013). Indeed, the trial court in its opinion recognized that Appellant's probation sentence in CR-5643-2017 was consecutive to the 2 to 5 year prison sentences in the other three cases. Trial Court Opinion at 4 (stating that the January 29, 2018 sentencing orders provided that "[a]ll periods of state and county supervised periods of probation were imposed to run concurrently with
*(Footnote Continued Next Page)*

from the 2 to 5 year prison sentences in June 2019 and he could not finish serving those prison sentences until 2022 at the earliest, as he was arrested in these four cases in February 2017 and June 2017. Therefore, because he was not yet serving the probation sentences, Appellant's actions in August 2019 could not be in violation of a condition of his probation in any of these cases and the revocation of probation and new sentences in all four cases must be vacated. **Simmons**, 262 A.3d at 523-25, 527.[4]

Because the trial court lacked authority to revoke Appellant's probation based on his actions in August 2019, while he was still serving his prison sentences on parole and his probation had not yet begun in any of the four cases, the sentences that it imposed in July 2020 were illegal sentences. Accordingly, we vacate Appellant's judgments of sentence and remand that case with instructions to reinstate the January 29, 2018 probation sentences in all four cases.

Judgments of sentence vacated. Case remanded with instructions to reinstate the original probation sentences. Jurisdiction relinquished.

_____

each other but consecutively running to all periods of state supervised periods of confinement").

[4] We recognize that revocations of probation before the defendant began serving his probation sentence were permitted under this Court's precedents at the time of the probation revocation hearing here and that our *en banc* decision in **Simmons** overruling those precedents was not handed down until this case was on appeal. New judicial decisions that change the law, however, are applicable to cases on direct appeal*. **Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/02/2022