J-S58038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARMEN JOSEPH DEMARK | |
| Appellant | No. 957 MDA 2015 |

Appeal from the Judgment of Sentence March 18, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001901-2014

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED DECEMBER 01, 2016**

Appellant, Carmen Joseph Demark, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his jury trial conviction for failure to comply with sexual offender registration requirements.[1]  We affirm the conviction but vacate the judgment of sentence and remand for re-sentencing.

The relevant facts and procedural history of this case are as follows. Beginning in 2003, Appellant has been subject to lifetime reporting requirements under the Sexual Offenders Registration and Notification Act ("SORNA") at 42 Pa.C.S.A. § 9799.10 *et seq*.  On April 1, 2014, the

_____

[1] 18 Pa.C.S.A. § 4915.1.

_____

*Retired Senior Judge assigned to the Superior Court.

Pennsylvania State Police mailed a letter to Appellant at his regular address. The letter reminded Appellant to report for quarterly registration by April 15, 2014.[2] Appellant failed to report. On May 22, 2014, a state trooper contacted Appellant regarding his failure to report in April. Appellant showed up that day at the state police barracks, where police arrested him.

On February 3, 2015, a jury convicted Appellant of failure to comply with sexual offender registration requirements. The court sentenced Appellant on March 18, 2015, to three (3) to six (6) years' incarceration, which included a mandatory minimum sentence, per 42 Pa.C.S.A. § 9718.4. Appellant timely filed post-sentence motions for reconsideration of sentence and for judgment of acquittal on March 26, 2015. The court denied relief on April 30, 2015. On May 29, 2015, Appellant timely filed a notice of appeal. The court ordered Appellant on June 15, 2015, to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), which he filed on July 22, 2015.[3]

_____

[2] On October 14, 2014, the Commonwealth Court declared Section 9799.15(g) unconstitutionally punitive as applied to individuals convicted prior to enactment of the provision, where the provision required the offender to update the registration information **in person**; but the provision could be severed from the remainder of the statute while preserving the otherwise valid subsections. *See Coppolino v. Noonan*, 102 A.3d 1254 (Pa.Cmwlth. 2014). Despite *Coppolino*, Appellant does not challenge the "in person" aspect of the registration process declared unconstitutionally punitive in *Coppolino*. Here, Appellant failed to register at all and in any manner.

[3] Appellant's Rule 1925(b) statement was technically untimely. Nevertheless, this Court may address the merits of a **criminal** appeal where
*(Footnote Continued Next Page)*

Appellant raises the following issue for our review:

> WHETHER, WHERE THE COMMONWEALTH PRODUCED NO EVIDENCE OF A CULPABLE *MENS REA* AND THE EVIDENCE NEGATED THE PRESENCE OF *MENS REA*, APPELLANT'S CONVICTION FOR FAILURE TO REGISTER IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE?

(Appellant's Brief at 7).

Appellant argues the Commonwealth failed to establish that Appellant had the requisite *mens rea* to sustain his conviction. Appellant concedes he failed to report to police in April 2014, but contends he did not do so "knowingly." Appellant insists his various health and family issues interfered with his ability to remember his reporting requirements. Appellant maintains he relied on the routine reminder letters to let him know when he needed to report to police. Appellant avers the Commonwealth failed to present proof of Appellant's receipt of the letter. Appellant indicates he immediately reported to police the same day they notified Appellant of his failure to verify his registration information in April 2014. Appellant claims even if sufficient evidence supported his conviction, the verdict was against the weight of the evidence. Appellant concludes this Court should overturn his conviction and/or grant a new trial. We disagree.

*(Footnote Continued)* ───────────────

a defendant files an untimely Rule 1925(b) statement, if the trial court had adequate opportunity and chose to prepare an opinion addressing the issue(s) raised on appeal. ***See Commonwealth v. Burton***, 973 A.2d 428 (Pa.Super. 2008) (*en banc*). Here, the trial court filed a Rule 1925(a) opinion, which addressed Appellant's sufficiency issue. Therefore, we decline to waive that issue.

Initially, we note that a challenge to the sufficiency of the evidence and the weight of the evidence supporting a criminal conviction are separate inquiries:

> [W]e find it necessary to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence. The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article [1], Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence, if granted, would permit a second trial.
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he

[or she] were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence, do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 560 Pa. 308, 318, 744 A.2d 745, 751-52 (2000) (citations and footnote omitted).

Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). "A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Lyons*, 622 Pa. 91, 116, 79 A.3d 1053, 1067 (2013).

The Crimes Code defines failure to comply with registration requirements as follows:

**§ 4915.1.  Failure to comply with registration requirements**

**(a)  Offense defined.—**An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:

- 5 -

(1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police);

(2) verify his address or be photographed as required under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25; or

(3) provide accurate information when registering under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25.

18 Pa.C.S.A. § 4915.1(a). Section 302(b) of the Crimes Code defines a "knowing" *mens rea* as:

**§ 302. General requirements of culpability.**

\* \* \*

**(b) Kinds of culpability defined.—**

\* \* \*

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

\* \* \*

18 Pa.C.S.A. § 302(b)(2).

Assuming proper jurisdiction, "challenges to the legality of the

sentence are not waivable." ***Commonwealth v. Jacobs***, 900 A.2d 368, 373-73 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 681, 917 A.2d 313 (2007). ***See Commonwealth v. Kitchen***, 814 A.2d 209, 214 (Pa.Super. 2002), *aff'd*, 576 Pa. 229, 839 A.2d 184 (2003) (stating legality of sentence may be subject of inquiry by appellate court *sua sponte*); ***Commonwealth v. Edrington***, 780 A.2d 721 (Pa.Super. 2001) (maintaining legality of sentence claims cannot be waived, and may be reviewed *sua sponte*, where reviewing court has proper jurisdiction).

"Issues relating to the legality of a sentence are questions of law…." ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa.Super 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). When the legality of a sentence is at issue on appeal, our "standard of review is *de novo* and our scope of review is plenary." ***Id.*** "An unconstitutional statute is ineffective for any purpose [as] its unconstitutionality dates from the time of its enactment and not merely from the date of the decision holding it so." ***Commonwealth v. Muhammed***, 992 A.2d 897, 903 (Pa.Super. 2010) (quoting ***Commonwealth v. Michuck***, 686 A.2d 403, 407 (Pa.Super. 1996), *appeal denied*, 548 Pa. 668, 698 A.2d 593 (1997)). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." ***Commonwealth v. Watson***, 945 A.2d 174, 178-79 (Pa.Super. 2008) (quoting ***Commonwealth v. Leverette***, 911 A.2d 998, 1001-02 (Pa.Super. 2006)).

In the past, Section 9718.4 provided mandatory minimum sentences for failure to comply with sex offender registration and stated in relevant part:

**§ 9718.4.   Sentence for failure to comply with registration of sexual offenders**

**(a) Mandatory sentence.**—Mandatory sentencing shall be as follows:

(1)   Sentencing upon conviction for a first offense shall be as follows:

\* \* \*

(iii)  Not less than three years for an individual who:

(A) is subject to section 9799.13 and must register for a period of 25 years or life under section 9799.15 or a similar provision from another jurisdiction; and

(B) violated 18 Pa.C.S. § 4915.1(a)(1) or (2).

\* \* \*

**(b) Proof at sentencing.**—The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

**(c) Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on

probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

\* \* \*

42 Pa.C.S.A. § 9718.4(a)(1)(iii)(A)-(B), (b), (c). In 2015, this Court held that the mandatory minimum sentence under this statute for failure to comply with the sex offender registration requirements did not violate the defendant's rights under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). **See Commonwealth v. Pennybaker**, 121 A.3d 530 (Pa.Super. 2015). Our Supreme Court, however, granted review and reversed that judgment, vacated the appellant's sentence, and remanded for re-sentencing without application of 42 Pa.C.S. § 9718.4, citing **Commonwealth v. Hopkins**, ___ Pa. ___, 117 A.3d 247 (2015) and **Commonwealth v. Wolfe**, ___ Pa. ___, 140 A.3d 651 (2016).[4] **See Commonwealth v. Pennybaker**, 2016 WL 4541106 (Pa. August 31, 2016).

_____

[4] The **Wolfe** Court reviewed the **Alleyne** issue on the merits, after discussing whether **Alleyne** violations implicate the legality of the sentence and the appropriateness of *sua sponte* appellate review. The Court deferred "deeper consideration" of the legality/waiver question to the disposition of **Commonwealth v. Barnes**, 2014 WL 10919327 (Pa.Super. June 27, 2014), *appeal granted*, ___ Pa. ___, 122 A.3d 1034 (September 18, 2015), which remains undecided to date. Nevertheless, the **Wolfe** Court stated: "For the present, it is sufficient to observe that this Court has previously found that an asserted **Apprendi**[ **v. New Jersey**, 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)]—line violation implicated the legality of a sentence…and
*(Footnote Continued Next Page)*

Instantly, Appellant's quarterly lifetime reporting requirements as a sex offender began in 2003. On April 1, 2014, the Pennsylvania State Police mailed a letter to Appellant at his regular address, reminding him to report for quarterly registration. Appellant failed to comply and was subsequently arrested when he reported to the state police barracks on May 22, 2014. Prior to trial, Appellant and the Commonwealth stipulated that Appellant was subject to reporting requirements as a sex offender and he had failed to register when necessary in April 2014.

At trial, the Commonwealth presented a copy of the verification forms Appellant signed each time he reported for quarterly registration. One of the verification forms read: "Shortly before your verification date, the Pennsylvania State Police will send a letter to your registered mailing address. This letter will not be forwarded. Failure to receive this letter does not relieve you of your obligation to comply with the law." (N.T., 2/3/15, at 44). The Commonwealth also offered testimony from Pennsylvania State Police Trooper Connors, who indicated that Appellant was required to verify his address every three months. Trooper Connors confirmed state police sent Appellant a reminder letter, but Appellant failed to appear for registration in April 2014. Appellant testified at trial and stated he knew of the requirement to register every three months, but he had forgotten to do

_(Footnote Continued)_ ———————

that legality-of-sentence claims are not subject to the traditional waiver doctrine." **Id.** at ____, 140 A.3d at 659-60.

so because he did not receive the reminder letter.

Appellant conceded all material elements of the offense of failure to report. *See* 18 Pa.C.S.A. § 4915.1(a). Appellant admitted he was subject to reporting requirements as a sex offender under SORNA and was obligated to present himself to the state police for address verification every three months. Appellant's own testimony confirmed he was aware of his responsibility to report to state police for quarterly registration. Thus, the evidence is sufficient to sustain Appellant's conviction of failure to comply with sexual offender registration requirements. *See Widmer, supra*.

With respect to Appellant's contention that his conviction was against the weight of the evidence presented, the trial court reasoned as follows:

> [Appellant] fails to suggest how or in what matter the evidence adduced from the Commonwealth witnesses and the testimony of [Appellant] himself permits the conclusion that the verdict is so contrary to the evidence as to shock one's sense of justice. Simply stated, Appellant utterly fails to assert how the evidence is so tenuous, vague and uncertain that the verdict could be considered against the weight of the evidence. Moreover, [Appellant] himself made admissions that he knew that he was required to register every three (3) months but failed to do so because he forgot.

(Trial Court Opinion, filed December 16, 2015, at 8). The court concluded the jury's verdict was not contrary to the weight of the evidence. *Id.*

Appellant's only defense at trial was that he "just forgot" because he claimed he had not received a reminder letter. Notwithstanding the Commonwealth's evidence suggesting Appellant did receive a letter,

Appellant's insistence to the contrary does not inform review. In other words, Appellant's contention that he forgot to register fails to refute the "knowingly" standard for this offense. *See* 18 Pa.C.S.A. § 302(b)(2). Each time Appellant reported for quarterly registration, he signed a verification form stating "[f]ailure to receive [a reminder] letter does not relieve you of your obligation to comply with the law." (N.T., 2/3/15, at 44). Appellant admitted he was aware he had to register, yet failed to do so in April 2014. Consequently, we see no reason to disturb the court's decision to deny relief on Appellant's challenge to the weight of the evidence. *See Champney, supra*.

Nevertheless, we also see from the record that the trial court imposed on Appellant a mandatory minimum sentence of three years, per 42 Pa.C.S.A. § 9718.4. The court relied primarily on **this** Court's decision in *Pennybaker*, which our Supreme Court has now reversed. Accordingly, we affirm the conviction but follow our Supreme Court's lead in *Pennybaker* and vacate the judgment of sentence and remand for re-sentencing without application of a mandatory minimum sentence per 42 Pa.C.S.A. § 9718.4.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/1/2016</u>